IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CHARLES DAVID WOODS               PLAINTIFF

VS.           CASE NO. 03-1189

NICHOLAS H. PATTON and
PATTON, TIDWELL & SCHROEDER,
L.L.P.                         DEFENDANTS

## **MEMORANDUM OPINION**

Before the Court is Defendants Nicholas H. Patton and Patton, Tidwell & Schroeder L.L.P.'s Motion for Summary Judgment. (Doc. No. 20). The Plaintiff, Charles David Woods, has responded. (Doc. No. 27). The Defendants have filed a reply to Plaintiff's response. (Doc. No. 32). The matter is ripe for consideration.

## BACKGROUND

The Plaintiff, Charles Woods, began his employment with Atlantic Research Corporation (hereinafter "ARC") in 1962.[1] In 1989, Plaintiff was transferred to Camden, Arkansas to head up the development lab for ARC's air bag program.[2] From 1994 until August 2000, Plaintiff was the lab supervisor/manager.[3] In August 2000, a sexual harassment complaint was filed against the Plaintiff.[4] Following an investigation by ARC, Plaintiff was suspended from work

---

[1] Def.'s Ex. A; Pl.'s Dep., p. 14.

[2] *Id.*

[3] Def.'s Ex. A; Pl.'s Dep., p. 16.

[4] Def.'s Ex. B; Gabriel Bucca's Dep., p. 28.

and removed from the position of lab supervisor.[5] He was required to undergo counseling and complete a "fitness for duty" determination before he could return to work.[6] Upon his return, Plaintiff was transferred to Knoxville, Tennessee and given an assignment working in the R & D Engineering Department reporting to Bob Rovito, Vice President of Engineering.[7] In June 2001, ARC went through a reduction in force and Plaintiff was laid off.[8]

Plaintiff contacted the Defendants to discuss any potential claims he might have against ARC. A charge of discrimination was filed with the EEOC, and, on December 11, 2002, a Right to Sue letter was issued.[9] No suit was ever filed on Plaintiff's behalf against ARC. Thereafter, Plaintiff filed this legal malpractice suit against the Defendants. Plaintiff alleges that the Defendants committed legal malpractice when they failed to timely file a discrimination lawsuit on his behalf against ARC. Defendants deny the allegations and have filed a Motion for Summary Judgment.

In the motion, Defendants contend that the Plaintiff must not only prove his claim for legal negligence against the Defendants but must also show wrongdoing on the part of his former employer, ARC, in order to recover damages. Defendants argue that Plaintiff can not produce evidence to raise a genuine issue of material fact as to his underlying cause of action for

---

[5] Def.'s Ex. C; ARC Memorandum, ¶ 3 and 4.

[6] *Id.,* ¶ 1 and 2.

[7] *Id.*, ¶ 4.

[8] Def.'s Ex. B; Gabriel Bucca's Dep., p. 49-56. .

[9] Pl.'s Complaint, Ex. A; EEOC Right to Sue letter.

discrimination,[10] therefore, the Defendants are entitled to summary judgment on the legal malpractice claim. Plaintiff responds that there is a fact question as relates to age discrimination under the ADEA.

## STANDARD OF REVIEW

The standard of review for summary judgment is well established. The Federal Rules of Civil Procedure provide that when a party moves for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, dispositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c); *Krenik v. County of LeSueur,* 47 F.3d 953 (8th Cir. 1995). The Supreme Court has issued the following guidelines for trial courts to determine whether this standard has been satisfied:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial–whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.,* 447 U.S. 242, 250 (1986). *See also Agristor Leasing v. Farrow,* 826 F.2d 732 (8th Cir. 1987); *Niagara of Wisconsin Paper Corp. v. Paper Indus. Union-Management Pension Fund,* 800 F.2d 742, 746 (8th Cir. 1986). A fact is material only when its resolution affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict

---

[10] Plaintiff originally claimed that ARC violated both the ADEA and ADA when it terminated him in June 2001. However, in his response to Defendants' Motion for Summary Judgment, Plaintiff concedes that he does not have sufficient evidence to establish a claim under the ADA. The Court will, therefore, analyze Plaintiff's discrimination claim in terms of age alone.

for either party. *Id.* at 252.

The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enterprise Bank v. Magna Bank,* 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. County of LeSueur,* 47 F.3d at 957. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 256.

## DISCUSSION

*Plaintiff's Legal Malpractice Claim Against the Defendants*

In order to prevail on his legal malpractice claims against the Defendants, Plaintiff must prove that 1) an attorney-client relationship existed between the parties; 2) the Defendants acted negligently or in breach of contract; 3) such acts were the proximate cause of Plaintiff's damages; and 4) but for Defendant's actions, Plaintiff would have been successful in the prosecution of his underlying suit. *See Yusefzadeh v. Ross,* 932 F.2d 1262, 1264 (8th Cir. 1991). Therefore, Plaintiff must prove his underlying discrimination claim to prove his legal malpractice claim. Defendants argue that Plaintiff can not prove that ARC discriminated against him on the bases of age, therefore, he can not prevail on his malpractice claim against them. To this end, the Defendants have filed this Motion for Summary Judgment based upon Plaintiff's underlying discrimination claim against ARC. If Defendants can show that there is no genuine

fact issue as it relates to Plaintiff's age discrimination claim, they will be entitled to summary judgment on Plaintiff's legal malpractice claim. Therefore, the Court will look to Plaintiff's underlying discrimination claim against ARC.

*Plaintiff's Discrimination Claim Against ARC*

The ADEA prohibits an employer from discharging "any individual or otherwise disciminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. §623(a)(1). Any individual who is at least forty years old is included in the protected class. 29 U.S.C. §631. However, it is not unlawful to base an employment decision on "reasonable factors other than age." 29 U.S.C. §623(f)(1).

In order to establish a claim under the ADEA, a plaintiff must show that he was intentionally discriminated against by his employer based upon his age. He can make this showing by either direct or indirect evidence that could lead a reasonable person to conclude that the adverse employment action was motivated by the prohibited factor.

If the plaintiff presents direct evidence of discrimination, then the Court must proceed under the mixed-motive standard of *Price Waterhouse v. Hopkins,* 490 U.S. 288, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989). If direct evidence of discrimination is not available, the Court must use the "burden shifting" analysis laid out in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

The *McDonnell Douglas* framework enables a plaintiff to create an inference of discrimination by showing that (1) he was in the protected age group, (2) he met the applicable job qualifications and legitimate expectation of his employer, (3) he was discharged, and (4) he

5

was replaced by a younger worker, *Hopper v. Halmark Cards, Inc.,* 87 F.3d 983, 988 (8th Cir. 1996), or, in the reduction in force context, the plaintiff must produce some additional evidence that age was a motivating factor in the termination. *Herrero v. St. Louis University Hosp.,* 109 F.3d 481, 483-84 (8th Cir. 1997).[11]

If the plaintiff succeeds in establishing this prima facie case, a rebuttable presumption of unlawful discrimination is created. The burden then shifts to the defendant to articulate a legitimate non-discriminatory reason for the employee's termination. If the defendant meets its burden of production, the presumption disappears, and the plaintiff must show that the defendant's reason for the termination is a mere pretext for intentional age discrimination. *See Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 254, 101 S.Ct. 1089, 1094, 68 L.Ed.2d 207 (1981). Here, the parties agree that the burden-shifting analysis set forth in *McDonnell Douglas* applies to this case.

Plaintiff contends that he can establish a prima facie case of age discrimination against ARC. He states that he was over the age of forty when he was discharged, he received an average evaluation on his Evaluation of Termination, therefore, he was meeting the legitimate expectations of his employer and he was laid off by ARC in June 2001. As to the fourth element of his prima facie case–age being a motivating factor in his discharge–Plaintiff points to the affidavit of Mary H. Larimer.[12] In her affidavit, Ms. Larimer states that she was discharged from ARC in January 2002 because of a reduction in force, that at the time of her discharge she was

---

[11] This is a reduction in force case, therefore, Plaintiff must produce some additional evidence showing that age was a motivating factor in his discharge.

[12] Pl.'s Ex. C.

64 years old and drawing a large salary. She states that it is her "abiding belief and conviction" that she was terminated because of her age and large salary. She then states that it is her "abiding belief and conviction" the Plaintiff was terminated for the same reasons. Plaintiff argues that Ms. Larimer's affidavit is enough to show that age was a motivating factor in his discharge.

    Looking at the evidence before the Court, it is clear that Plaintiff can establish the first three elements of his prima facie case of age discrimination. However, the Plaintiff has produced no additional evidence to establish the fourth element–that age was a motivating factor in his discharge. Plaintiff has no proof of any ARC employees being treated unfairly on the basis of their age[13] and never heard any discriminatory or inappropriate comments having to do with age from ARC's management or others.[14] What he does have is his speculation and that of Betty Larimer that he was discharged because of his age.[15] Such speculation or personal belief is not sufficient to make out a prima facie case of age discrimination. *See Holley v. Sanyo Mfg., Inc.,* 771 F.2d 1161 (8th Cir. 1985). Plaintiff does not know what management was thinking when the decision was made to lay him off.[16] He was not privy to that information. He simply states that " I think they were looking at my age" because they could hire someone younger for less money.[17] Likewise, Ms. Larimer states that she "believes that ARC engaged in age

---

[13] Def.'s Ex. A; Pl.'s Dep., p. 44-45.

[14] *Id.*, p. 48-49; p. 64.

[15] *Id.,* p. 56.

[16] *Id.,* p. 67-69.

[17] *Id.,* p. 68.

discrimination" when both she and the Plaintiff were laid off.[18] This is not enough. Neither the Plaintiff nor Mrs. Larimer has any proof to support their beliefs or speculations. Plaintiff must set forth specific facts showing there is a genuine issue of fact in order to avoid summary judgment. This he does not do.

     Even if the Court assumes that Plaintiff's evidence established a prima facie case of discrimination, ARC articulated a nondiscriminatory reason for Plaintiff's discharge. Due to an economic downturn, ARC underwent a reduction in force in 2001. Eight salaried employees were laid off in June 2001 and another twenty were laid off in September 2001.[19] The main criteria that was used by ARC in determining who would be laid off was whether the position which that person held could be eliminated or absorbed by another individual.[20] In Plaintiff's case, the position held by him fit the criteria used by ARC to determine who would be laid off. The position of lab supervisor which Plaintiff held before being transferred to Knoxville was absorbed at the time of his transfer by Dave Smith, an individual already with ARC. The position Plaintiff held in Knoxville was eliminated because there was not a specific need for a technical advisor in the R & D Engineering Department.[21] It appears that Plaintiff's discharge was based on reasonable factors other than age. *See* 29 U.S.C. §623(f)(1). The Plaintiff's evidence, which is based upon speculation and conjecture, makes no showing that ARC's articulated reasons for his discharge were pretextual. Plaintiff has not set forth specific facts

---

[18] Pl.'s Ex. C; Affidavit of Mary H. Larimer.

[19] Def.'s Ex. B; Gabriel Bucca's Dep., p. 48-50.

[20] *Id.,* p. 51.

[21] *Id.,* p. 52-53.

showing that there is a genuine issue for trial on his age discrimination claim against ARC. Therefore, Plaintiff's age discrimination claim against ARC must fail.

CONCLUSION

For the reasons discussed herein above, the Court finds that no material fact exists as to Plaintiff's underlying claim against ARC for age discrimination under the ADEA. Accordingly, the Defendants are entitled to summary judgment as a matter of law on Plaintiff's legal malpractice claim against them. Therefore, the Court finds that the Motion for Summary Judgment filed on behalf of Defendants Nicholas H. Patton and Patton, Tidwell & Schroeder, L.L.P. should be and hereby is **granted.** An order of even date shall be issued.

IT IS SO ORDERED, this 24th day of August, 2005.

/s/Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge